UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JANE STONE #1, et al.,                           :
                                                 :
                       Plaintiffs,        :      No. 20-CV-1326 (RA) (OTW)
                                                 :
               -against-                       :      **OPINION & ORDER**
                                                 :
ANTHONY J. ANNUCCI, et al.,                      :
                                                 :
                     Defendants.       :
------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

    **I.    INTRODUCTION**

On February 14, 2020, Plaintiffs, six women who are or were incarcerated at four prison facilities operated by the New York State Department of Corrections and Community Supervision (DOCCS) and who were allegedly raped and sexually abused by correction officers, filed this suit. (ECF 1). Pursuant to 42 U.S.C. § 1983 and New York law, they named as defendants: Anthony J. Annucci, then Acting Commissioner of DOCCS; Jason Effman, the Associate Commissioner and Prison Rape Elimination Act Coordinator for DOCCS; Susan Squires, the superintendent of Albion Correctional Facility; Sabina Kaplan, the superintendent of the Bedford Hills Correctional Facility; Brian Kubik, the superintendent of Lakeview Shock Incarceration Correctional Facility; Tanya Mitchell-Voyd, superintendent of the Taconic Correctional Facility; fourteen correction officers; and two DOCCS investigators. *Id.*; *see also* ECF 93 at 1 (Judge Abrams Opinion & Order). Before me is Plaintiffs' motion for leave to file a Third Amended Complaint. (ECF 144).[1] For the following reasons, Plaintiffs' motion is

---

[1] "[A] magistrate judge's denial of a motion to amend a complaint should be treated as dispositive, while a grant of the same motion should be treated as non-dispositive." *AT&T Corp. v. Atos IT Sols. & Servs., Inc.*, No. 21-CV-4550,

1

**GRANTED**, and Plaintiffs are directed to file their Third Amended Complaint **by Friday, May 17, 2024**.

## II. RELEVANT PROCEDURAL BACKGROUND

On July 15, 2020, Plaintiffs filed a first amended complaint adding Jane Stone #6 (ECF 30), and a corrected version on August 5, 2020. (ECF 37). Plaintiffs filed a second amended complaint on October 6, 2020, to substitute true names for defendants whose identities had been previously unknown. (ECF 56; *see* ECF 144 at 4). On September 28, 2021, Judge Abrams issued an Opinion & Order (ECF 93), regarding ECF 74, a motion to dismiss filed by Defendants Annucci, Effman, Kaplan, Kubik, and Squires (the "Supervisory Defendants"). Judge Abrams granted in part and denied in part the motion, denying the motion to dismiss all Plaintiffs' claims against Defendants Annucci and Effman, dismissing Jane Stone #5's claims as untimely, and granting the Supervisory Defendants' motion to sever and transfer the claims against Squires and Kubik to the Western District of New York. (ECF 93 at 35). Following Judge Abrams's decision, the parties agreed that the claims against Defendants Annucci and Effman would remain in the Southern District of New York, while all other claims brought by Jane Stones #1, 2, 4, and 6 would be transferred to the Western District of New York, where their assaults occurred. (ECF 94; ECF 144 at 5[2]).

---

2024 WL 379952, at *1 n.1 (S.D.N.Y. Feb. 1, 2024) (citing *Ashford Locke Builders v. GM Contractors Plus Corp.*, No. 17-CV-3439, 2020 WL 6200169, at *1 (E.D.N.Y. Oct. 22, 2020) ("[U]nless the magistrate judge's decision effectively dismisses or precludes a claim, thereby rendering the motion to amend dispositive, motions for leave to amend are subject to review under the 'clearly erroneous or contrary to law' standard of Rule 72(a).")). Accordingly, the Court issues its decision as an Opinion & Order.

[2] In their joint letter, the parties stated: "The claims against Annucci and Effman by Jane Stone #1, Jane Stone #2, Jane Stone #4, and Jane Stone # 6 should remain joined to the claims by Jane Stone #3 that will continue before this Court **for reasons of judicial economy and efficiency**. **The claims against Annucci and Effman by each plaintiff allege the same unconstitutional policy failures and will involve the same discovery materials**, which are likely to be voluminous and involve contested discovery motions. Moreover, these issues are already being litigated in

This matter was referred to me for general pretrial management in March 2022 (ECF 111), and I began managing discovery in this case and the related action, *Pusepa v. Annucci et al.*, No. 17-CV-7954. On November 6, 2023, Plaintiffs filed their letter motion for leave to file a Third Amended Complaint (ECF 144), and attached the proposed amended complaint with Tracked Changes (ECF 144-1), for the Court's review. Defendants filed their opposition on November 21, 2023 (ECF Nos. 147 and 148), and Plaintiffs filed their reply on December 5, 2023. (ECF 149).

The sole purpose of Plaintiffs' proposed Third Amended Complaint is to add Jane Stone #7 and Jane Stone #8 as plaintiffs on the supervisory claims against Defendants Annucci and Effman,[3] and remove Jane Stone #4 because she is deceased. (ECF 144 at 1).

During my last two status conferences, I expressed judicial efficiency concerns regarding Defendants' opposition to amendment. In my November 7, 2023 conference, one day after Plaintiffs' filed their motion, I stated:

> What I am trying to do is trying to get you through discovery as efficiently and as quickly as possible. I am not sure for the New York AG defendants if it's really in the interest of efficiency to oppose this motion to amend, but it is up to you if you want to do it.
>
> But if you do, I am still going to try to find ways to make the discovery efficient and make it usable as between the two districts. I am not going to make plaintiffs do it twice. Think about it beyond just the immediate step of ["]we are going to oppose this motion to amend,["] because it might not be successful, number one; but number two, even if it is, I am still going to be very, very

---

related matters before this Court. *See Pusepa v. Annucci*, 17-CV-7954 (RA)(OTW), at ECF No. 154. **Transferring the claims against Annucci and Effman to the Western District of New York would result in duplicate discovery litigation, production, and depositions**. As such, the parties respectfully request that the claims against Annucci and Effman remain before the Court." (ECF 94 at 1) (emphases added).

[3] Both Jane Stones #7 and #8 have already filed claims in the Western District of New York against other parties, including the Warden at Albion Correctional Facility and the individual officers who Plaintiffs allege sexually assaulted them while incarcerated at Albion Correctional Facility in 2021 and 2022. (ECF 144 at 1).

3

>mindful of how you're getting discovery, when you're getting discovery, and I am going to try to make it as efficient as possible.

(ECF 150 at 8, Transcript of November 7, 2023 Conference). During my April 9, 2024, status conference, having reviewed the parties' briefs, I expressed my concern again and indicated that I was inclined to grant amendment:

>My question is [] about <u>judicial</u> efficiency, because the claims are going to be the same, and it also sounds like Jane Stones Seven and Eight would be witnesses in the case here, particularly because . . . the alleged assaults happened after claims of deliberate indifference [were brought against Annucci and Effman by Jane Stones #1–6]. And the *Monell*-type claims were also pending in this district against Annucci and Effman, so why would – number one, if there are going to be witnesses here anyway, why not – why not litigate it. And it goes back to my question about judicial efficiency.
>
>So you'll be litigating essentially the same policies and decisions with Annucci and Effman as defendants in the Western District of New York, as well as in the Southern District of New York, and that's why I'm saying step out of the position, you know, where you've got the timing issues. I will have some questions for [Plaintiffs' counsel] about that as well, but why does it make sense from a judicial efficiency perspective? Because I'm not seeing it. **<u>I think it makes sense judicial efficiency wise to have the claims against Annucci and Effman on these types of incidents and their policy decisions or their potential deliberate indifference to all take place in one court, and that seems to have been here and that seems to have been here by the parties' decision back as early as 2021</u>**.

(ECF 165 at 4, Transcript of April 9, 2024 Conference) (emphases added). At the conference, I directed Defendants to file either a stipulation or letter by April 16, 2024, addressing Plaintiffs' motion for leave to file a Third Amended Complaint, taking into consideration the Court's questions about judicial efficiency and economy. (ECF 162). In their April 26, 2024 letter, the parties repeated they were unable "to reach an agreement on amending the complaint." (ECF 167).

4

III.   DISCUSSION

   a. **Legal Standards**

Two Federal Rules of Civil Procedure may be implicated by a motion to amend. Generally, Rule 15(a) applies to amendments made prior to a scheduling order's deadline to amend, while Rule 16(b) comes into play when amendments are sought to be made after a deadline to amend has expired. The distinction is important because under Rule 16(b), leave to amend requires "good cause" following expiration of the deadline, whereas the standards under Rule 15(a) are considered more flexible. "Where . . . the Court sets a deadline for amendments to the complaint and a party moves to amend once the deadline has passed, the Court must balance the more liberal standard of Rule 15(a) against the requirements of Federal Rule of Civil Procedure 16(b)." *AT&T Corp.*, 2024 WL 379952, at *3 (citing *Mohegan Lake Motors, Inc. v. Maoli*, No. 16-CV-6717, 2018 WL 4278352, at *5 (S.D.N.Y. June 8, 2018) (quoting *Volunteer Fire Association of Tappan, Inc. v. County of Rockland*, No. 09-CV-4622, 2010 WL 4968247, at *3 (S.D.N.Y. Nov. 24, 2010))).

Under Rule 15(a)(2), "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2)*; see Aetna Casualty & Surety Co. v. Aniero Concrete Co.*, 404 F.3d 566, 603 (2d Cir. 2005). The Second Circuit has held that a Rule 15(a) motion "should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *Aetna Casualty*, 404 F.3d at 603-04 (quoting *Richardson Greenshields Securities, Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987)). Delay alone, however, is an insufficient justification for the denial of a motion to amend under Rule 15(a). *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993). "Under Rule 16(b), a

5

party moving to amend after the applicable deadline must demonstrate good cause. Whether good cause exists depends on the diligence of the moving party. In other words, the movant must show that the deadlines could not have been reasonably met despite its diligence." *Tappan*, 2010 WL 4968247, at *3 (cleaned up).

Here, the Court's most recent March 1, 2023 Case Management Plan (ECF 133), listed May 22, 2023, as the last date to amend the Complaint.[4] Plaintiffs filed their motion to amend on November 6, 2023. (ECF 144). Accordingly, the "good cause" standard under Rule 16(b)(4) applies.

   b. Analysis

Good cause exists to amend under Rule 16(b)(4). In addition to adding Jane Stones #7 and #8, Plaintiffs' proposed Third Amended Complaint sought to remove Jane Stone #4 from the complaint because she died in February 2022 and no estate could be found to pursue her claim. (ECF 144 at 1). Plaintiffs' counsel asserts that good cause exists because counsel believed they were "constrained from filing an amended complaint which did not address the death of Jane Stone #4," while counsel worked to find a family member to take over her claim. *Id*. at 6. When asked at the April 9, 2024 conference why counsel did not raise this issue with the Court before the time to amend had passed, Plaintiffs' counsel explained that it was an oversight amidst many granted extensions, but emphasized:

> As [defense counsel] made clear, we were hoping to amend only once with the removal of Jane Stone fo[u]r – we're very hopeful to find an estate. That didn't happen. But, your Honor, the bright line we had, your Honor put the finger on it, which is it's a judicial efficiency thing, and if they had been more diligent in perusing [sic] discovery, and we had gotten past the point where it would make more sense to commence it anew,

---

[4] The plan further indicated "yes" in response to whether any amendments to the pleadings were anticipated. *Id*. at 3.

> either here or somewhere else, that was something different. But because of their dilatory actions, we are in the nascent stage of discovery. Nothing's really happened. So there's not going to be any prejudice or delay to add them.
>
> And, quite to the contrary, as your Honor has mentioned, it's going to cause a lot more work for everyone to have this separately.

(ECF 165 at 6–7). Although Plaintiffs' counsel should have sought an extension, the good cause standard is met here, where counsel sought to find an estate for Jane Stone #4, who died shortly after her release from incarceration. (ECF 144 at 6).

Further, the interests of judicial economy and efficiency weigh heavily in favor of granting amendment. Plaintiffs Jane Stones #7 and #8 seek to bring their claims against Annucci and Effman in the Southern District of New York because their complaint is based on the same conduct alleged by the other Stone Plaintiffs. As I emphasized at my last conference, Jane Stones #7 and #8 will be "litigating essentially the same policies and decisions with Annucci and Effman."[5] (ECF 165 at 4, Transcript of April 9, 2024 Conference). The Court agrees that "bringing the new claims [against Annucci and Effman] in the Western District would create extensive, duplicative work for different judges in different venues, and that, as such, judicial economy favors bringing the new claims in this court." (ECF 149 at 3). It would further pose a risk of inconsistent outcomes in this case, giving Defendants two bites at the proverbial apple.

Defendants fail to provide any compelling reason to deny amendment.[6] The parties are

---

[5] Further, as Plaintiffs' letter brief points out, "these sexual assaults on Jane Stone #7 and #8 occurred in 2021 and 2022, respectively" and "this lawsuit had already been brought and served on defendants Annucci and Effman when Jane Stone #7 and #8 were raped under due to the same failures of policy outlined in the lawsuit . . . ." (ECF 144 at 7).

[6] Defendants assert that "this is not a class action" and "the Judges in the WDNY are more than capable of handling any complex issues that arise." (ECF 147 at 3). Neither assertion is compelling. While the Court has no doubt the

7

still wading slowly through discovery and Defendants will not be prejudiced by adding two Plaintiffs to the case at this juncture, particularly as defense counsel was on notice that an amendment to the complaint was likely. *See supra* n.3 and accompanying text.[7] Following Judge Abrams's decision on the motion to dismiss, the parties agreed to bring the supervisory claims against Defendants Annucci and Effman in the Southern District of New York, "for reasons of judicial economy and efficiency." (ECF 94 at 1). The parties further agreed that the claims against Annucci and Effman "allege the same unconstitutional policy failures and will involve the same discovery materials." *Id*. Accordingly, Plaintiff's motion to amend would not prejudice Defendants, who both agreed to litigate their claims here and who were on notice of a possible amendment to the complaint.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to amend is **GRANTED**, and Plaintiffs are directed to file their Third Amended Complaint **by Friday, May 17, 2024**. The Status Conference scheduled for **May 9, 2024 at 10:00 a.m.** in Courtroom 20D, 500 Pearl Street, New York, NY 10007 will proceed as scheduled. The Clerk of Court is respectfully directed to close ECF 144.

**SO ORDERED.**

Dated: May 7, 2024
New York, New York

_/s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge

---

Judges in the WDNY are "more than capable" of "handling" these claims, the interests of judicial economy and efficiency, for judges in <u>both</u> districts, weigh heavily in favor of litigating in a single case here, instead, and Defendants fail to point to any prejudice in doing so.

[7] The parties' most recent March 1, 2023 Case Management Plan (ECF 133), indicated that Plaintiffs intended to amend the complaint.