UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE STONE #1, et al., | No. 20-CV-1326 (RA) |
| Plaintiffs, | |
| v. | MEMORANDUM <br> OPINION AND ORDER |
| ANTHONY J. ANNUCCI, et al., | |
| Defendants. | |

RONNIE ABRAMS, United States District Judge:

Pending before this Court is Defendants' motion to set aside the magistrate judge's orders of May 9, 2024 and May 10, 2024 (the "Orders"), which modified a previously entered protective order. Defs.' Mem. of Law in Supp. of Mot. to Set Aside, ECF No. 185 ("Mot. to Set Aside"). Plaintiffs oppose. Pls.' Mem. of Law in Opp'n to Defs.' Mot., ECF No. 192 ("Opp'n"). For the following reasons, Defendants' motion is granted.

**BACKGROUND**

Plaintiffs are six currently and formerly incarcerated individuals, who bring the instant action under 42 U.S.C. § 1983 against officials of the New York State Department of Corrections and Community Supervision ("DOCCS"). Third Am. Compl., ECF No. 179. Plaintiffs assert that they were sexually abused while in DOCCS's custody, and that "officials and staff knew of the imminent threat of sexual assault to [Plaintiffs], and deliberately failed to protect them." *Id.* ¶ 1. On February 7, 2023, the magistrate judge to whom this case was referred for general pretrial management so-ordered the parties' proposed protective order to govern materials exchanged during discovery (the "First Protective Order"). Stipulation and Protective Order, ECF No. 130. In pertinent part, the First Protective Order authorized counsel to designate "information that is

proprietary, a trade secret or otherwise sensitive non-public information" as "confidential," *id.* ¶ 1, and prohibited disclosure of this information except to limited categories of individuals, *id.* ¶¶ 4–5.

After learning of prior accusations of sexual misconduct against certain Defendant-correction officers at DOCCS, Plaintiffs sought to amend the First Protective Order over Defendants' objection in order to show documents obtained in discovery to the attorneys of non-party complainants, who are potential witnesses in the instant action. Following conferences on April 9, 2024 and May 9, 2024, the magistrate judge granted Plaintiffs' request and entered their proposed revised order (the "Revised Protective Order"). *See* Post-Conference Order, ECF No. 174; Protective Order, ECF No. 176.

The Revised Protective Order states, in pertinent part:

> [D]ocuments designated as "CONFIDENTIAL" shall not be disclosed to any person, except:
>
>> a. A party and counsel, including in-house counsel;
>> b. Employees of such counsel assigned and necessary to assist in the litigation;
>> c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;
>> d. The Court (including the mediator, or other person having access to any Confidential information by virtue of his or her position with the Court); and
>> *e. Counsel for inmates or former inmates who have pending claims against the State of New York, DOCCS or DOCCS staff for sexual abuse*.

Protective Order ¶ 4, ECF No. 176 (emphasis added to denote opposed modification). Defendants now move to set aside the Orders modifying the First Protective Order with respect to paragraph 4(e).

## STANDARD OF REVIEW

It is undisputed that the orders at issue, which governed discovery, were nondispositive of this litigation. Mot. to Set Aside 5; Opp'n 6, 10; *see also Thomas E. Hoar, Inc. v. Sara Lee*

2

*Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) (explaining that discovery matters are "generally are considered nondispositive of the litigation").[1] A district court may set aside a magistrate judge's nondispositive order if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). A decision is clearly erroneous when the district court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (quoting *United States v. Garcia*, 413 F.3d 201, 222 (2d Cir. 2005)). "A decision is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Shim-Larkin v. City of New York*, 16-CV-6099 (AJN), 2022 WL 1250548, at *1 (S.D.N.Y. Apr. 27, 2022) (quoting *Indergit v. Rite Aid Corp.*, No. 08-CV-9361 (JPO), 2016 WL 236248, at *1 (S.D.N.Y. Jan. 20, 2016)).

## DISCUSSION

The entry of the Revised Protective Order—which grants Plaintiffs broad discretion to release highly sensitive non-public materials obtained during discovery in this action to countless non-parties, irrespective of whether they would otherwise have a right to obtain them—was clearly erroneous and contrary to law. "Rule 26(c) empowers the court to make a wide variety of orders for the protection of parties and witnesses in the discovery process." 8A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2035 (3d ed. 2024) ("Wright & Miller"). This Rule authorizes a court to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of good cause. Fed. R. Civ. P. 26(c). Even where "defendants have not provided specific examples of harm," the general "harm that would result from the disclosure of . . . undisputedly personal

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, omissions, and alterations.

information" can satisfy the good cause standard. *Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 71 (S.D.N.Y. 2010) (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)).

Courts routinely issue protective orders to govern discovery where sensitive non-public information is at issue. *Id.* at 77 ("A protective order may be particularly appropriate when the material at issue is private or potentially embarrassing, as is the case here."); *see also Flaherty v. Seroussi*, 209 F.R.D. 300, 304 (N.D.N.Y. 2002) (finding issuance of protective order warranted with respect to "medical, educational, and other inherently private information concerning individual employees of the City"); *Garnett-Bishop v. N.Y. Cmty. Bancorp, Inc.*, No. 12-CV-2285 (ADS) (ARL), 2013 WL 101590, at *3 (E.D.N.Y. Jan. 8, 2013) (granting protective order to govern discovery of personnel records and confidential commercial information). Although the federal rules do not disfavor collaborative discovery, district courts in this circuit have permitted release of confidential materials for use in other actions "only to the extent that the files would also be discoverable in such other litigations." *Duling*, 266 F.R.D. at 77. *Cf. In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 255 F.R.D. 308, 324 (D. Conn. 2009) ("[I]f the intervenor is seeking to circumvent limitations on its ability to conduct discovery in its own case or to gain access to materials it would otherwise have no right to access, a court should refuse to modify the protective order.").

Contrary to these principles, the Revised Protective Order authorizes Plaintiffs to release discovered materials designated as confidential as they see fit to counsel for *any* "inmates or former inmates who have pending claims against the State of New York, DOCCS or DOCCS staff for sexual abuse." Protective Order ¶ 4, ECF No. 176. It authorizes release without regard to the nature of the materials—which, as discussed further below, include sensitive non-public

4

medical records, statements of complainants, and confidential internal records of DOCCS—or whether the pending claims are meritorious or frivolous. Moreover, it is at best uncertain that the innumerable non-parties identified in the Revised Protective Order would otherwise have a right to obtain the documents the Revised Protective Order permits Plaintiffs to release. The Revised Protective Order is concerning for other practical reasons as well. For instance, if some of the personal medical or other records at issue were to be leaked, it would be exceedingly difficult to find and hold the responsible parties accountable.  For that and other reasons, the entry of the Revised Protective Order was clearly erroneous and contrary to law.

      While the breadth of the newly added terms of the Revised Protective Order would have been troublesome even if they were contained in the First Protective Order, the decision to grant this modification is all the more clearly erroneous and contrary to law. A protective order issued pursuant to Rule 26(c) plays a "vital function" in civil litigation, "which is to secure the just, speedy, and inexpensive determination of civil disputes, by encouraging full disclosure of all evidence that might conceivably be relevant. This objective represents the cornerstone of our administration of civil justice." *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 295 (2d Cir. 1979) (quoting Fed. R. Civ. P. 1). In order "to encourage testimony in pre-trial discovery proceedings and to promote the settlement of disputes," *SEC v. TheStreet.com*, 273 F.3d 222, 230 (2d Cir. 2001), there is a "strong presumption against the modification of a protective order" once issued, *In re Teligent, Inc.*, 640 F.3d 53, 59 (2d Cir. 2011). "Where there has been reasonable reliance by a party or deponent," the Second Circuit thus disapproves of "modify[ing] a protective order granted under Rule 26(c) absent a showing of improvidence in the grant of the order or some extraordinary circumstance or compelling need." *TheStreet.com*, 273 F.3d at 229 (quoting *Martindell*, 594 F.2d at 296).

Plaintiffs do not argue that the First Protective Order was improvidently granted, nor could they, given their consent to it. Nor was a showing made of an "extraordinary circumstance or compelling need." *Id.* To the contrary, the issue of a non-party witness's access to her prior statements are raised in many a lawsuit. In any event, the Revised Protective Order was not appropriately tailored to address that concern. Rather than merely permitting Plaintiffs' counsel to show pertinent documents to counsel for non-party complainants and witnesses—the purported basis for modification—the Revised Protective Order authorized the release of all materials obtained during discovery in this action to a significantly wider audience unconnected to it. *See* Protective Order ¶ 4(e), ECF No. 176.

The decision whether to grant modification of a protective order "is of principal importance with regard to confidential information." Wright & Miller § 2035. Defendants have submitted a declaration detailing the serious security risks that release of the confidential information subject to the Revised Protective Order might pose. *See* Miller Decl., ECF No. 186. Given that "Rule 72(a) precludes the district court from considering factual evidence that was not presented to the magistrate judge," *Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013), the Court declines to consider the declaration. Nonetheless, the record is plain that the documents at issue are "extremely sensitive." Tr. 12, ECF No. 181. In light of the nature of Plaintiffs' allegations of sexual assault, and the Court's Order granting Plaintiffs' motion to proceed anonymously, the documents subject to discovery likely include, at minimum, personal medical records; statements about sensitive topics made by Plaintiffs, non-party complainants, and currently and formerly incarcerated witnesses; personnel records; and confidential documents of DOCCS—all of which together present security, privacy, and reputational concerns. *See* Tr. 14, 39, ECF No. 165; Mot.

to Set Aside 7.

Here, the magistrate judge did not identify the applicable standards or issue findings justifying modification of the First Protective Order. Nor did she consider the reliance interests of the parties or witnesses or how the release of sensitive non-public materials might affect these interests. *See Trooper 1 v. N.Y. State Police*, 22-CV-893 (LDH) (TAM), 2024 WL 1349122, at *3 (E.D.N.Y. Mar. 29, 2024) ("Given the sensitive nature of the sexual harassment allegations in this case . . . for discovery in this case to work, the parties and non-parties must have the ability to rely on the confidentiality order."). This was contrary to law, and her entry of the Revised Protective Order was clearly erroneous.

Because, as noted, the magistrate judge did not articulate the basis for her decision, the Court assumes she relied upon the reasons proffered by Plaintiffs on the record. The Court has considered these arguments and finds them inadequate to justify the modification granted.

Plaintiffs represented that modification of the First Protective Order was necessary to show counsel for potential non-party witnesses their prior statements, as well as documents that provide context for them. Tr. 5, ECF No. 181. They contended that it would be "too onerous," and reveal litigation strategy, to do what lawyers are well accustomed to doing: require counsel to clear each document before showing it to a witness. *Id.* at 5–6. They also argued that non-parties would be entitled to the same discovery in their own matters, that attorneys would be subject to a confidentiality order, and that many of the documents are not appropriately designated as confidential. *Id.* at 6–8, 13–14. Appearing to rely upon these arguments, the magistrate judge underscored that Plaintiffs' proposed modification to the First Protective order would only authorize release of discovered materials to counsel, who would be subject to a confidentiality agreement. *Id.* at 11, 18–20, 30–31.

It is true that the Revised Protective Order limits release of discovered materials to attorneys, enjoins the use of confidential information for any purpose beyond the instant litigation, and requires recipients to sign a confidentiality agreement committing not to release or use confidential materials for other purposes. Protective Order ¶¶ 4–5, ECF No. 176. As detailed above, however, the terms of the Revised Protective Order do not limit release of discovered materials to potential witness or to non-parties who could otherwise obtain the materials. Instead, as Defendants argued at the May 9, 2024 conference, the Revised Protective Order gives Plaintiffs the power to "pick and choose," from a large quantity of the most sensitive of materials, which documents to disclose and to whom to disclose them. Tr. 12, ECF No. 181. Modification of the First Protective Order thus ran contrary to the initial Order's purpose, which was "to limit exposure of the[] documents" at issue. *Id.* at 16.

In short, Plaintiffs' arguments neither justify the Revised Protective Order's overly-broad authorization to release sensitive non-public information, nor even address Defendants' purported reliance upon the First Protective Order. Accordingly, Defendants' motion to set aside the May 9, 2024 and May 10, 2024 Orders is granted. The Clerk of Court is respectfully directed to close the motion pending at ECF No. 184.

SO ORDERED.

Dated:     February 21, 2025
             New York, New York

                                                      Hon. Ronnie Abrams
                                                      United States District Judge